{¶ 30} I must dissent from the conclusion reached by the majority. As the majority correctly states, Kurent cites with approval the Restatement of the Law of Conflicts regarding an analysis of whether Ohio or Indiana has "a more significant relationship the lawsuit".
 {¶ 31} I would analyze this case as involving an Ohio plaintiff, an Ohio defendant, traveling in an automobile principally garaged in Ohio and insured in Ohio. The premiums the Ohioans paid were based at least in part upon their state of residence, and the manner in which Ohio insurance laws assign liability in tort actions also has a great deal to do with the cost of the policy.
 {¶ 32} Contrasting the above with Indiana as the situs of the accident, I would find there is no question Ohio has the most significant relationship with the lawsuit. It is true a motorist accepts the traffic laws of whatever jurisdiction he or she enters. I do not believe a motorist necessarily consents to any other laws of the jurisdiction.
 {¶ 33} Ohio courts would not answer this choice of law question in this manner if it were anything other than an insurance case. Indiana has protected its interest in the traffic case, and has no other real connection with this action, certainly not in the contractual relationship between two Ohioans and an Ohio insurance company.
 {¶ 34} I would sustain the assignments of error and apply Ohio law.